## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY L. BECKWITH, | : | Civil No. 3:16-cv-1330 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| FEDERAL BUREAU OF PRISONS, JOHN MITCHELL, L. ENNIS, | : | |
| Defendants | : | |

## MEMORANDUM

## I.  Background

Plaintiff Timothy Beckwith ("Beckwith"), an inmate who, at all relevant times, was

housed at the United States Penitentiary, Allenwood, Pennsylvania ("USP-Allenwood"),

initiated this action pursuant to *Bivens*[1], 28 U.S.C. § 1331, and the Federal Tort Claims Act

("FTCA"). (Doc. 1). Named as Defendants are the Federal Bureau of Prisons ("BOP"),

John Mitchell, and L. Ennis. (*Id.* at p. 2). Beckwith alleges that Defendants denied him

psychological services, refused to change his status as a mental health care level one

inmate, denied a change in medical providers, and denied his request for a tele-pscyh

appointment with a psychiatrist. (*Id.* at pp. 3, 5-6).

---

[1]  *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).
*Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally
protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an
award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478,
504 (1978).

Presently pending before the Court is Defendants' motion to dismiss pursuant to

Federal Rule of Civil Procedure 12(b) or, in the alternative, for summary judgment pursuant

to Federal Rule of Civil Procedure 56. (Doc. 14). Despite being directed to file a brief in

opposition to Defendants' motion, Beckwith failed to oppose the motion. (See Doc. 18).

Consequently, the motion is deemed unopposed and ripe for disposition. See L.R. 7.6

("Any party opposing any motion . . . shall file a brief in opposition . . . [or] shall be deemed

not to oppose such motion"). For the reasons set forth below, the Court will grant

Defendants' motion.

## II.    Legal Standards

### A.    Summary Judgment Standard of Review

Through summary adjudication, the court may dispose of those claims that do not

present a "genuine dispute as to any material fact." FED. R. CIV. P. 56(a). "As to materiality,

. . . [o]nly disputes over facts that might affect the outcome of the suit under the governing

law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the burden of showing the absence

of a genuine issue as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106

S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once such a showing has been made, the non-moving

party must offer specific facts contradicting those averred by the movant to establish a

2

genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

Therefore, the non-moving party may not oppose summary judgment simply on the basis of

the pleadings, or on conclusory statements that a factual issue exists. *Anderson*, 477 U.S.

at 248. "A party asserting that a fact cannot be or is genuinely disputed must support the

assertion by citing to particular parts of materials in the record . . . or showing that the

materials cited do not establish the absence or presence of a genuine dispute, or that an

adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P.

56(c)(1)(A)-(B). In evaluating whether summary judgment should be granted, "[t]he court

need consider only the cited materials, but it may consider other materials in the record."

FED. R. CIV. P. 56(c)(3). "Inferences should be drawn in the light most favorable to the

non-moving party, and where the non-moving party's evidence contradicts the movant's,

then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am.,*

*Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992), *cert. denied* 507 U.S. 912 (1993).

However, "facts must be viewed in the light most favorable to the nonmoving party

only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127

S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007). If a party has carried its burden under the

summary judgment rule,

> its opponent must do more than simply show that there is some metaphysical
> doubt as to the material facts. Where the record taken as a whole could not
> lead a rational trier of fact to find for the nonmoving party, there is no genuine
> issue for trial. The mere existence of some alleged factual dispute between

3

the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Id.* (internal quotations, citations, and alterations omitted).

## B. Motion to Dismiss Standard of Review

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a

4

cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v.*

*Abbott Laboratories,* 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation

marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to
> determine the sufficiency of a complaint: First, the court must take note of the
> elements a plaintiff must plead to state a claim. Second, the court should
> identify allegations that, because they are no more than conclusions, are not
> entitled to the assumption of truth. Finally, where there are well-pleaded
> factual allegations, a court should assume their veracity and then determine
> whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.,* 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged - but it has not show[n] - that the

pleader is entitled to relief." *Iqbal,* 556 U.S. at 679 (internal citations and quotation marks

omitted). This "plausibility" determination will be a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court

must permit a curative amendment unless such an amendment would be inequitable or

futile." *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a
> defendant moves to dismiss it, unless the district court finds that amendment
> would be inequitable or futile, the court must inform the plaintiff that he or she
> has leave to amend the complaint within a set period of time.

*Id.*

5

## III. Statement of Undisputed Facts

Rule 56 of the Federal Rules of Civil Procedure provides: "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." FED. R. CIV. P. 56(e)(2). Similarly, Middle District of Pennsylvania Local Rule 56.1 states: "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." M.D. PA. L.R. 56.1. *See also* (Doc. 18, ¶ 2) (advising Beckwith that failure to file a responsive statement of material facts would result in the facts set forth in Defendants' statement of material facts being deemed admitted). Beckwith failed to file a responsive statement of facts as required by the Federal Rule of Civil Procedure 56(e)(2) and Local Rule 56.1. Thus, the undisputed facts, taken from Defendants' statement of material facts, (Doc. 16, Statement of Material Facts), and the exhibits submitted therewith, are as follows.

On August 25, 2016, a search of the BOP's administrative remedy records was conducted, limited to the time that Beckwith was housed at USP-Allenwood, November 1, 2015 (the month Beckwith arrived at USP-Allenwood) through August 15, 2016 (more than one (1) month after Beckwith left USP-Allenwood). (Doc. 16, ¶¶ 13-14; Doc. 16-1, p. 3, Declaration of Michael S. Romano ("Romano Decl."), ¶ 5). The search revealed that

6

Beckwith filed a total of twenty-hour (24) administrative remedies from November 1, 2015 through August 15, 2016. (Doc. 16, ¶¶ 14-15; Doc. 16-1, p. 3, Romano Decl., ¶ 5). Only one (1) remedy pertained to the issue of Beckwith's mental health treatment raised in the instant complaint. (Doc. 16, ¶ 16; Doc. 16-1, p. 3, Romano Decl., ¶ 5). Beckwith filed remedy number 866132-F1 at the institution level. (Doc. 16, ¶ 17; Doc. 16-1, p. 3, Romano Decl., ¶ 5; Doc. 16-1, p. 23). In the remedy, Beckwith requested a change of his mental health care level category to a care level 3 ("MH-3") and a change of his doctor. (Doc. 16, ¶ 18; Doc. 16-1, p. 3, Romano Decl., ¶ 5; Doc. 16-1, pp. 23, 30-31). On July 19, 2016, the warden denied the remedy. (Doc. 16, ¶ 18; Doc. 16-1, p. 3, Romano Decl., ¶ 5; Doc. 16-1, p. 29). The warden advised Beckwith that he may appeal the denial of his remedy to the Regional Director within twenty (20) days of the date of the response. (Doc. 16-1, p. 29). There is no evidence that Beckwith appealed the warden's decision to the Regional Office. (Doc. 16, ¶ 19; Doc. 16-1, p. 3, Romano Decl., ¶ 5; Doc. 16-1, pp. 16-27).

The records reveal that Beckwith filed seven (7) administrative tort claims. (Doc. 16, ¶ 20; Doc. 16-1, Romano Decl., ¶ 7). Tort Claim No. TRN-NER-2016-05154 was received on July 8, 2016, and alleged that Dr. Ennis refused to increase Beckwith's mental health care level to MH-3. (Doc. 16, ¶ 21; Doc. 16-1, Romano Decl., ¶ 7; Doc. 16-1, pp. 39-41). A response to Tort Claim No. TRN-NER-2016-05154 has not yet been issued. (Doc. 16, ¶ 22; Doc. 16-1, Romano Decl., ¶ 7). The due date for a response to Tort Claim No.

7

TRN-NER-2016-05154 was January 7, 2017. (Doc. 16, ¶ 23; Doc. 16-1, Romano Decl., ¶ 7)

Tort Claim No. TRT-NER-2016-05152 was received on July 8, 2016 and alleged that Dr. Mitchell was involved in refusing him protective custody on May 9, 2016. (Doc. 16, ¶ 24; Doc. 16-1, Romano Decl., ¶ 7; Doc. 16-1, pp. 45-47). A response to Tort Claim No. TRT-NER-2016-05152 has not yet been issued. (Doc. 16, ¶ 25; Doc. 16-1, Romano Decl., ¶ 7). The due date for a response to Tort Claim No. TRT-NER-2016-05152 was January 7, 2017. (Doc. 16, ¶ 26; Doc. 16-1, Romano Decl., ¶ 7).

Tort Claim No. TRT-NER-2016-04488 was received on June 3, 2016, and alleged that Dr. Ennis refused to increase his mental health care level to MH-3 and refused to provide him therapy by denying his access to a psychiatrist. (Doc. 16, ¶ 27; Doc. 16-1, Romano Decl., ¶ 7; Doc. 16-1, pp. 51-53). A response to Tort Claim No. TRT-NER-2016-04488 has not been issued. (Doc. 16, ¶ 28; Doc. 16-1, Romano Decl., ¶ 7). The due date for a response to Tort Claim No. TRT-NER-2016-04488 was December 2, 2016. (Doc. 16, ¶ 29; Doc. 16-1, Romano Decl., ¶ 7).

Tort Claim No. TRT-NER-2016-03452 was received on April 4, 2016, and alleged that staff caused him intentional emotional distress by using his sexual orientation as a means of calling him names. (Doc. 16, ¶ 30; Doc. 16-1, Romano Decl., ¶ 7; Doc. 16-1, pp. 57-59). Beckwith names staff members in Tort Claim No.TRT-NER-2016-03452 but does

8

not name the Defendants in this case. (Doc. 16, ¶ 31; Doc. 16-1, Romano Decl., ¶ 7). The due date for a response to Tort Claim No. TRT-NER-2016- 03452 was October 3, 2016. (Doc. 16, ¶ 32; Doc. 16-1, Romano Decl., ¶ 7). As of September 7, 2016, a response to Tort Claim No. TRT-NER-2016-03452 had not been issued . (Doc. 16, ¶ 33; Doc. 16-1, Romano Decl., ¶ 7).

Tort Claim No. TRT-NER-2016-03451 was received on April 4, 2016, and alleged that a pain medication was wrongly discontinued. (Doc. 16, ¶ 34; Doc. 16-1, Romano Decl., ¶ 7; Doc. 16-1, pp. 63-65). The due date for a response to Tort Claim No. TRT-NER-2016-03451 was October 3, 2016. (Doc. 16, ¶ 35; Doc. 16-1, Romano Decl., ¶ 7). As of September 7, 2016, a response to Tort Claim No. TRT-NER- 2016-03451 had not yet been issued. (Doc. 16, ¶ 36; Doc. 16-1, Romano Decl., ¶ 7).

Tort Claim No. TRT-NER-2016-02924 was received on March 9, 2016, and alleged that health services staff failed to provide Beckwith with appropriate medical care for his right arm. (Doc. 16, ¶ 37; Doc. 16-1, Romano Decl., ¶ 7; Doc. 16-1, pp. 69-75). On August 30, 2016, the claim was denied. (Doc. 16, ¶ 38; Doc. 16-1, Romano Decl., ¶ 7).

Tort Claim No. TRT-NER-2016-01567 was received on December 29, 2015, and alleged inappropriate dental care. (Doc. 16, ¶ 39; Doc. 16-1, Romano Decl., ¶ 7; Doc. 16-1, pp. 79-81). On June 21, 2016, the claim was denied. (Doc. 16, ¶ 40; Doc. 16-1, Romano Decl., ¶ 7).

9

## IV.  Discussion

Defendants seek dismissal of the complaint, or an entry of summary judgment, on the following grounds: (1) the Federal Bureau of Prisons must be dismissed from the *Bivens* portion of this action; (2) Beckwith failed to exhaust the *Bivens* portion of the complaint prior to filing suit; (3) the United States is the only proper defendant in an FTCA claim; (4) Beckwith failed to exhaust the FTCA portion of the complaint prior to filing suit; and (5) Beckwith failed to file a certificate of merit as required by Pennsylvania law for the medical negligence claim. (Doc. 15). The Court will first address Beckwith's *Bivens* claim before turning to the FTCA claim.

### A.  *Bivens* Claim

#### 1.  *Sovereign Immunity*

Defendants argue that the Federal Bureau of Prisons must be dismissed from the *Bivens* action because the BOP is entitled to sovereign immunity as an agency of the United States. (Doc. 15, p. 2, n. 1).

It is well-settled that governmental entities are not "persons" and therefore not proper defendants in a federal civil rights action. *Hindes v. F.D.I.C.*, 137 F.3d 148, 159 (3d Cir. 1998) (a federal agency is not a "person" subject to § 1983 liability, whether or not it is in an alleged conspiracy with state actors); *see also Accardi v. United States*, 435 F.2d 1239, 1241 (3d Cir. 1970).  Thus, *Bivens* claims may not be maintained against federal agencies.

10

*FDIC v. Meyer*, 510 U.S. 471, 485 (1994); *Jaffee v. United States*, 592 F.2d 712, 717 (3d Cir. 1979) ("Because [plaintiff] has sued the Government itself, *Bivens* ... do[es] not afford him a traversable bridge across the moat of sovereign immunity."). Accordingly, the Federal Bureau of Prisons is not a "person" and therefore not a proper Defendant in this federal civil rights action.

Additionally, sovereign immunity constitutes a jurisdictional bar to claims against the United States and its agencies, unless Congress has specifically waived such immunity. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."); *Meyer*, 510 U.S. at 475; *Lewal v. Ali*, 289 F. App'x 515, 516 (3d Cir. 2008) ("An action against government officials in their official capacities constitutes an action against the United States [and is] barred by sovereign immunity, absent an explicit waiver."); *Webb v. Desan*, 250 F. App'x 468, 471 (3d Cir. 2007). Beckwith asserts no such waiver of sovereign immunity, and the United States and its agencies have not waived their immunity from suit.

Based on an application of the above standards, the Federal Bureau of Prisons will be dismissed from the *Bivens* action because any claims against the United States and its agencies are plainly barred by the doctrine of sovereign immunity.

## 2.    Exhaustion of the Bivens Claim[2]

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required

to pursue all avenues of relief available within the prison's grievance system before bringing

a federal civil rights action concerning prison conditions. *See* 42 U.S.C. § 1997e(a); *Booth*

*v. Churner*, 206 F.3d 289, 291 (3d Cir. 2000). Section 1997e(a) establishes the

requirement of administrative exhaustion:

> No action shall be brought with respect to prison conditions under section
> 1983 of this title, or any other Federal law, by a prisoner confined in any jail,
> prison, or other correctional facility until such administrative remedies as are
> available are exhausted.

42 U.S.C. § 1997e(a). Beckwith's *Bivens* claim falls within the ambit of the PLRA. *See*

*Nyhuis v. Reno*, 204 F.3d 65, 68 (3d Cir. 2000) ("[Section] 1997e(a) applies equally to §

1983 actions and to *Bivens* actions.").

The PLRA "exhaustion requirement applies to all inmate suits about prison life,

whether they involve general circumstances or particular episodes, and whether they allege

excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). It has

been made clear that the exhaustion requirement is mandatory. *See Williams v. Beard*, 482

F.3d 637, 639 (3d Cir. 2007); *see also Booth v. Churner*, 532 U.S. 731, 741 (2001) (holding

that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of

---

[2]    The exhaustion procedures for BOP *Bivens* claims differ from those of the FTCA. Exhaustion
for *Bivens* purposes requires completion of the BOP's Administrative Remedy Program, whereas the
exhaustion procedures for administrative tort claims are set forth in the Federal Tort Claims Act.

12

the relief offered through administrative procedures"); *Nyhuis*, 204 F.3d at 67 (same). "[I]t is beyond the power of [any] court . . . to excuse compliance with the exhaustion requirement." *Nyhuis*, 204 F.3d at 73 (quoting *Beeson v. Fishkill Corr. Facility*, 28 F. Supp.2d 884, 894-95 (S.D.N.Y. 1998)). To exhaust administrative remedies an inmate must comply with all applicable grievance procedures and rules. *Spruill v. Gillis*, 372 F.3d 218, 231 (3d Cir. 2004). The PLRA requires not only technical exhaustion of the administrative remedies, but also substantial compliance with procedural requirements. *Spruill*, 372 F.3d at 227-32; *see also Nyhuis*, 204 F.3d at 77-78. A procedural default by the prisoner, either through late or improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim. *Spruill*, 372 F.3d at 227-32; *see also Camp v. Brennan*, 219 F.3d 279 (3d Cir. 2000).

For federal prisoners, such as Beckwith, the BOP has an administrative remedy procedure setting forth the necessary steps to exhaust a grievance pursuant to § 1997e(a). 28 C.F.R. § 542.10(a). Specifically, the BOP has a three-level administrative process through which an inmate can address issues concerning the conditions of his confinement. *See id.* An inmate must first informally present his complaint to staff, and staff is to attempt to resolve the matter. 28 C.F.R. § 542.13(a). If the informal resolution is unsuccessful, then the inmate must execute the appropriate form to bring the matter to the attention of the warden, within twenty calendar days of the date of the incident. 28 C.F.R. § 542.14(a). If

13

the inmate is dissatisfied with the warden's response, he may then appeal to the Regional Director within twenty calendar days. 28 C.F.R. § 542.15(a). The inmate may then appeal to the BOP's Central Office within thirty calendar days, which office is the final administrative appeal level in the BOP. *Id.* No administrative appeal is considered to have been fully exhausted until considered by the BOP's General Counsel. 28 C.F.R. § 542.15(a). If an administrative remedy is rejected for a procedural deficiency, the remedy is returned to the inmate and the BOP provides the inmate with a written notice explaining the reason for the rejection. 28 C.F.R. § 541.17(b).

According to Defendants, between November 1, 2015 and August 15, 2016, Beckwith filed twenty-four (24) remedies with the BOP, but only one (1) pertained to the issues raised in the complaint (remedy number 866132-F1). (Doc. 16, ¶ 13; Doc. 16-1, pp. 15-27, Administrative Remedy Generalized Retrieval). The undisputed evidence establishes that the warden denied the remedy on July 19, 2016, and specifically advised Beckwith that he may appeal the denial to the Regional Director within twenty (20) days of the date of the response. (Doc. 16-1, p. 29). The undisputed evidence further reflects that Beckwith never appealed the warden's decision to the Regional level. Beckwith has provided no evidence to dispute these facts.

Rather than comply with the directives of the warden, Beckwith chose to abandon his grievance. Beckwith fails to present any facts or evidence that prison officials obstructed

14

his attempt to exhaust administrative remedies regarding his *Bivens* claim under the PLRA.

Courts have invariably held that affirmative misconduct by prison officials, designed to

impede or prevent an inmate's attempts to exhaust, may render administrative remedies

unavailable. *See Todd v. Benning*, 173 F. App'x 980, 982-83 (3d Cir. 2006) (expressing

approval of the Eighth Circuit's holding in *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001) that

administrative remedies were not available where prison officials "purportedly prevented

prisoner from employing the prison's grievance system"). Examples of affirmative

misconduct on the part of prison officials include: (1) threatening a prisoner in an attempt to

thwart the prisoner's attempts to exhaust, *see Harcum v. Shaffer*, 2007 WL 4167161, at *5

(E.D. Pa. 2007) (finding administrative remedies unavailable where prison officials

threatened plaintiff with "opposition to his future prerelease application, parole, or outside

work detail if he did not withdraw his grievance"), (2) refusing to provide appropriate

grievance forms in response to inmate inquiries, *see Mitchell v. Horn*, 318 F3d 523, 529 (3d

Cir. 2003), (3) advising an inmate that his or her situation does not require a grievance, *see*

*Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002) (finding that administrative remedies were

unavailable to plaintiff who had been advised by prison official that he must wait until the

end of the prison's investigation before filing a grievance), and (4) failing to file or respond to

a prisoner's grievances, *see Camp*, 219 F.3d at 280-81 (finding that administrative remedies

were unavailable where prison officials refused to file plaintiff's grievances regarding their

coworkers). Beckwith failed to present any evidence that he was he misled by prison officials, or that some other extraordinary circumstance prevented him from complying with the BOP grievance procedure.

A party opposing summary judgment must come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. *See Anderson*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986); *see also* FED. R. CIV. P. 56(c), (e). Beckwith has failed to oppose Defendants' motion and failed to meet his burden with respect to the exhaustion of his *Bivens* claim. Defendants are therefore entitled to an entry of summary judgment in their favor on the *Bivens* claim.

## B. FTCA Claim

### 1. Proper Defendants under the FTCA

Defendants argue that the only proper Defendant under the FTCA is the United States, and that therefore all other Defendants must be dismissed from the FTCA claim. (Doc. 15, p. 2, n. 1). Beckwith failed to oppose the instant motion and thus provides no response to this argument. The Court agrees with Defendants that the only proper party to a claim under the FTCA is the United States. *See* 28 U.S.C. § 2679(d); *CNA v. United*

16

*States*, 535 F.3d 132, 138 n. 2 (3d Cir. 2008) ("The Government is the only proper

defendant in a case brought under the FTCA."). Therefore, Defendants Federal Bureau of

Prisons, John Mitchell, and L. Ennis will be dismissed from the FTCA claim.

## 2. Exhaustion of the FTCA Claim

The FTCA allows federal prisoners to pursue lawsuits against the United States in an

effort to recover for personal injuries sustained during confinement by reason of negligence

of government employees. *See Berman v. United States*, 205 F. Supp. 2d 362 (M.D. Pa.

2002) (citing *United States v. Muniz*, 374 U.S. 150 (1963); 28 U.S.C. §1346(b)). The

primary purpose of the FTCA is to "remove sovereign immunity of the United States from

suits in tort, and with certain specific exceptions, to render the Government liable in tort as a

private individual would be under like circumstances." *Id.* (quoting *Richards v. United*

*States*, 369 U.S. 1, 6 (1962); 28 U.S.C. § 1346(b)).

As a prerequisite to suit under the FTCA, a claim must first be presented to the

federal agency and be denied by the agency. The FTCA provides:

An action shall not be instituted against the United States for money damages
for injury or loss of property or personal injury . . . unless the claimant shall
have first presented the claim to the appropriate Federal agency and his claim
shall have been finally denied by the agency in writing and sent by certified or
registered mail.

28 U.S.C. § 2675(a). Thus, prior to commencing an FTCA action against the United States

in federal court, a plaintiff must "first present[ ] the claim to the appropriate Federal agency"

17

and receive a final denial "by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). "The statutory language is clear that a court does not have jurisdiction before administrative remedies have been exhausted, and a court must dismiss any action that is initiated prematurely." *Wilder v. Luzinski*, 123 F. Supp. 2d 312, 313 (E.D. Pa. 2000) (citing *McNeil v. United States*, 508 U.S. 106, (1993); *Wujick v. Dale & Dale*, 43 F.3d 790, 793-94 (3d Cir. 1994)).

Moreover, a claimant must abide by the strict time requisites codified in 28 U.S.C. § 2401(b) or its tort claim under the FTCA will be "forever barred."[3] *See Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971). To sue the United States in district court and avoid violating the FTCA's express statute of limitations, a plaintiff must present the tort claim "in writing to the appropriate Federal agency within two years after such claim accrues . . . ." 28 U.S.C. § 2401(b); *see also Bialowas*, 443 F.2d at 1049. Section 2401's "time bar is strictly construed." *Brown v. Camden County Counsel*, 2010 U.S. App. LEXIS 9826, *6 (3d Cir. 2010) (citing *Livera v. First Nat. State Bank of N.J.*, 879 F.2d 1186, 1195 (3d Cir.

---

[3]    Title 28 United States Code section 2401(b) provides:

[A] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

18

1989)).

In the instant action, Beckwith filed seven (7) administrative tort claims during the relevant time period. (Doc. 16, ¶ 20; Doc. 16-1, Romano Decl., ¶ 7). Two of the remedies (TRN-NER-2016-05154 and TRT-NER-2016-04488) concern mental health issues. (Doc. 16, ¶¶ 21, 27; Doc. 16-1, Romano Decl., ¶ 7). Tort Claim No. TRN-NER-2016- 05154 was received on July 8, 2016, and alleged that Dr. Ennis refused to increase Beckwith's mental health care level to MH-3. (Doc. 16, ¶ 21; Doc. 16-1, Romano Decl., ¶ 7; Doc. 16-1, pp. 39-41). Tort Claim No. TRT-NER-2016-04488 was received on June 3, 2016, and alleged that Dr. Ennis refused to increase his mental health care level to MH-3 and refused to provide him therapy by denying his access to a psychiatrist. (Doc. 16, ¶ 27; Doc. 16-1, Romano Decl., ¶ 7; Doc. 16-1, pp. 51-53). The BOP's deadline for responding to Tort Claim No. TRN-NER- 2016-05154 was January 7, 2017. (Doc. 16, ¶ 23). The BOP's deadline for responding to Tort Claim No. TRT-NER-2016-04488 was December 2, 2016. (Doc. 16, ¶ 29). The instant lawsuit was filed on June 29, 2016, a few weeks before and after Beckwith filed his tort claims, and nearly five (5) months before the BOP's deadline to respond. (Doc. 1; Doc. 16, ¶¶ 22-23, 28-29). Beckwith did not receive any final decision by the agency before filing his complaint in federal court, as he is required to do under 28 U.S.C. § 2675(a). Thus, the undisputed evidence establishes that these claims were still pending, and thus unexhausted, at the time of the filing of this lawsuit. *See Abulkhair v. Bush*, 413 F.

App'x 502, 506 (3d Cir. 2010) (dismissing FTCA claim for failure to exhaust administrative remedies before filing suit); *Accolla v. United States*, 369 F. App'x 408, 409-10 (3d Cir. 2010) (finding that the district court properly dismissed FTCA claim where the plaintiff filed federal suit prior to exhausting administrative remedies).

As is apparent from the record before the Court, Beckwith failed to exhaust his administrative tort claims prior to filing this lawsuit. Therefore, the Court will dismiss the FTCA claim. *See McNeil v. United States*, 508 U.S. 106, 111-12, 113 S.Ct. 1980 (1996) (holding that a court is without jurisdiction to rule on a prematurely filed FTCA action even if an agency denies the related administrative claim soon after the federal lawsuit is filed); *Accolla*, 369 F. App'x 408.

### 3. *Certificate of Merit*

The United States argues that if this Court does not dismiss Beckwith's FTCA medical negligence claim for failure to exhaust, it should be dismissed because Beckwith failed to file the requisite certificate of merit. (Doc. 15, pp. 10-13). The FTCA claim will be dismissed for Beckwith's failure to exhaust the administrative tort claims prior to filing his federal lawsuit, thereby mooting the certificate of merit issue. Consequently, the Court does not reach the United States' argument that the FTCA medical negligence claim is not properly supported by a certificate of merit.

20

## V. Conclusion

Based on the foregoing, Defendants' unopposed motion will be granted. A separate

Order shall issue.

Dated: August _15_, 2017

Robert D. Mariani
United States District Judge